FILED

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 FEB -5 P 1: 58

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| RODRIGO JOSUE MELGAREJO<br>6144 Calico Lane<br>Burke, VA 22015<br><br>Plaintiff,<br><br>v.<br><br>LTF CLUB OPERATIONS COMPANY, INC.<br>2902 Corporate Place<br>Chanhassen, MN 55317<br><br>    <u>Serve:</u><br>    National Registered Agents, Inc.<br>    4701 Cox Road, Suite 285<br>    Glen Allen, VA 23060<br><br>LTF CLUB MANAGEMENT COMPANY, LLC<br>6442 City West Parkway<br>Eden Prairie, MN 55344<br><br>    <u>Serve:</u><br>    National Registered Agents, Inc.<br>    4701 Cox Road, Suite 285<br>    Glen Allen, VA 23060<br><br>Defendants. | Civil Action No. 1:15cv127-CMH-JFA |

## COMPLAINT

### Introduction

1. Plaintiff Rodrigo Josue Melgarejo was employed by LTF CLUB OPERATIONS COMPANY, INC. ("LTF, INC.") and LTF CLUB MANAGEMENT COMPANY, LLC ("LTF, LLC") (collectively, "Defendants") as a maintenance person at a gym and fitness center in Sterling, VA. Plaintiff worked at Defendants' Sterling location from on or about March 1, 2013, until on or about August 28, 2014. Plaintiff worked an average of 50

1

hours per week, and was not paid at 1.5 times his normal hourly rate for his overtime hours. Plaintiff's time records were also altered by his employer to indicate fewer hours than he actually worked. When Plaintiff raised these issues with his employer, he was terminated two weeks prior to his agreed end date.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay Plaintiff at the proper rate for his overtime hours, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and for retaliatory discharge, in violation of: the FLSA, 29 U.S.C. §215(a)(3).

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

### Parties

5. Plaintiff is an adult resident of Fairfax County, Virginia.

6. Defendant LTF CLUB OPERATIONS COMPANY, INC. is a Minnesota corporation doing business in Virginia. Its principal place of business is 2902 Corporate Place Chanhassen, MN 55317. Its registered agent for service of process in Virginia is: National Registered Agents, Inc.; 4701 Cox Road, Suite 285 Glen Allen, VA 23060.

7. Defendant LTF CLUB MANAGEMENT COMPANY, LLC is a foreign for-profit limited liability company incorporated in Delaware and doing business in Virginia. Its principal place of business is 6442 City West Parkway Eden Prairie, MN 55344. Its

registered agent for service of process in Virginia is: National Registered Agents, Inc.; 4701 Cox Road, Suite 285 Glen Allen, VA 23060.

## Factual Allegations

8. Defendants operate a gym and fitness center in Loudoun County, Virginia. Defendants are subsidiaries of Life Time Fitness, Inc., which operates gyms and fitness centers across North America.

9. At all relevant times, LTF, INC. had more than two employees, and the annual gross volume of LTF, INC.'s business exceeded $500,000.00.

10. At all relevant times, LTF, LLC had more than two employees, and the annual gross volume of LTF, LLC's business exceeded $500,000.00.

11. At all relevant times, Defendants were engaged in interstate commerce.

12. Plaintiff worked for Defendants from on or about March 1, 2013 until on or about August 28, 2014.

13. Plaintiff's duties included maintenance and repair of gym facilities and exercise equipment.

14. Plaintiff worked approximately fifty hours per week. Plaintiff worked approximately twelve hours per day Monday through Thursday, and approximately five hours per day on Thursdays.

15. At all relevant times, Plaintiff's regular rate of pay was $17.00 per hour, and his overtime rate was $25.50 per hour.

16. From March 1, 2013 through August 28, 2014, there were approximately 72 workweeks in which Plaintiff worked more than forty hours per week, but was paid at his straight time rate.

17. From March 1, 2013 to August 28, 2014, Plaintiff worked approximately 720 hours of overtime. Plaintiff is owed approximately $6,120.00 in unpaid overtime compensation for these hours.

18. Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by 29 C.F.R. § 516.

19. The exact amount of hours worked by Plaintiff and wages owed to Plaintiff will only be known through discovery.

20. On information and belief, Defendants were aware that the FLSA required them to pay Plaintiff one and one-half times his regular promised wage for all hours worked in excess of 40 hours in any one workweek.

21. On numerous workdays, Plaintiffs hours were intentionally altered by his manager to show fewer hours than he had actually worked.

22. On or about August 5, 2014 Plaintiff contacted Defendants' HR and Payroll departments to report that he was not being paid for all hours worked, because his hours were being altered in the electronic timekeeping system used Defendants.

23. On or about August 27, 2014 Plaintiff informed Defendants that he would be leaving his job in two weeks because of the ongoing issues with his hours and pay. When Plaintiff returned to work for his next shift, Plaintiff discovered he had been discharged from his job when he was unable to clock in.

24. On information and belief, Plaintiff's termination was in direct retaliation for his complaints under the FLSA. Defendants did not provide any alternative explanation for Plaintiff's termination.

## COUNT 1
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

4

**(29 U.S.C. § 201** *et seq.***)**

25. Plaintiff incorporates the foregoing and subsequent paragraphs as if fully stated herein.

26. Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

27. Plaintiff was a "non-exempt" employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 213.

28. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

29. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

30. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work week.

31. Defendants' violations of the FLSA were willful.

32. For their violations of the overtime provisions of the FLSA, Defendants are liable to Plaintiff for unpaid overtime compensation in the amount of approximately $6,120.00, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT 2
## RETALIATION UNDER THE FLSA
**(29 U.S.C. §215(a)(3))**

33. Plaintiff incorporates the foregoing and subsequent paragraphs as if fully stated herein.

34. Plaintiff engaged in protected activity under the FLSA, 29 U.S.C. § 215(a)(3), when he "filed [a] complaint" with Defendants regarding Defendants' failure to pay compensation for all hours worked.

35. Plaintiff was subsequently discharged by Defendants, two weeks prior to his scheduled departure date.

36. On information and belief, Plaintiff's discharge was in direct retaliation for his complaints about violations of the FLSA.

37. For their violation of the anti-retaliation provisions of the FLSA, Defendants are liable to Plaintiff for two weeks lost wages in the amount of approximately $1,870.00, plus an equal amount as liquidated damages, plus court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, in Plaintiff's favor on all counts, and grant the following relief:

a. Award Plaintiff $6,120.00, constituting unpaid overtime wages, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

b. Award Plaintiff $1,870.00, constituting lost wages as a result of his retaliatory discharge, and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216;

c. Award Plaintiff his reasonable attorneys' fees, expenses and costs of court;

d. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

e. Any additional relief the Court deems just.

Date: February 5, 2015                                              Respectfully Submitted,

/s/ Virginia Diamond
Virginia R. Diamond, VA Bar #20992
ASHCRAFT & GEREL, LLP
4900 Seminary Rd., Suite 650
Alexandria, VA 22311
Phone: (803) 931-5500
Fax: (703) 820-0630
vdiamond@ashcraftlaw.com