IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| RODRIGO J. MELGAREJO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-00127-CMH-JFA |
| | ) | |
| v. | ) | |
| | ) | |
| LTF CLUB OPERATIONS | ) | |
| COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR COURT APPROVAL
## OF FLSA SETTLEMENT AGREEMENT

Plaintiff Rodrigo J. Melgarejo and Defendants LTF Club Operations Company, Inc. and LTF Club Management Company, LLC (collectively, "the Parties"), by and through undersigned counsel, hereby file this Joint Motion for Approval of FLSA Settlement Agreement ("Agreement"). Through their Motion, the Parties ask the Court to issue an Order approving their Agreement for the payment of Plaintiff's claims and dismissing this matter. Contemporaneously with this filing, the Parties are submitting a copy of the fully executed Agreement between Plaintiff and Defendant, which sets forth the specific terms of the Parties' agreements to the settlement and dismissal of this action. As grounds for this Motion, the Parties state as follows:

Plaintiff brought his claims in this case under the Fair Labor Standards Act ("FLSA"). Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See, e.g., Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *op. reinstated on reh'g,* 493 F.3d 454 (2007), *cert. denied,* 554 U.S. 909, 128

1

S. Ct. 2931, 171 L. Ed. 2d 876 (2008); *Boone v. City of Suffolk, Va.,* 79 F. Supp. 2d 603, 609 (E.D. Va. 1999).  "[I]n the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food Stores. Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982).  *Lynn's Food* instructs the Court to "determine[ ] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.* at 1355.

The Parties, through their respective counsel, represent to the Court that their Agreement is fair, equitable, and reasonable, is in compliance with the provisions and policies of the FLSA, and in the best interests of the Plaintiff.  The Parties also represent that with this settlement, Plaintiff has received all compensation, wages, bonuses, commissions, and benefits to which Plaintiff may be entitled.  Plaintiff and his attorney agree that this settlement includes all amounts to which he is entitled under the FLSA in full, without compromise.  As such, no judicial review is required.  *See, e.g., MacKenzie v. Kindred Hosp. East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003) (holding that scrutiny of the FLSA settlement agreement was not necessary because the parties agreed that the plaintiff was being fully compensated).

The Court need not engage in an in-depth review of the parties' settlement of the retaliation claim, provided its terms do not contaminate the settlement of claims relating to unpaid overtime and unpaid wages.  *See, e.g., Galvez v. Americlean Servs. Corp.,* 2012 U.S. Dist. LEXIS 91070*, *11 n.4 (E.D. Va. Jun. 29, 2012) (citing *Yost v. Wyndham*

*Vacation Resorts, Inc.*, No. 10-cv-1583, 2012 U.S. Dist. LEXIS 49277, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted,* 2012 U.S. Dist. LEXIS 49275, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012)).

Further, Plaintiff's recovery was negotiated separately and apart from Plaintiff's attorneys' fees and costs. Therefore, the Court need not review the attorneys' fees and costs separately.  *Bonetti v. Embarq Management Co*., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, the Parties move the Court for approval of the Agreement.

Respectfully submitted,

_____/s/_____Virginia R. Diamond_____
Virginia R. Diamond, Esq.
ASHCRAFT & GEREL, LLP
4900 Seminary Road, Suite 650
Alexandria, Virginia  22311
Phone: (803) 931-5500
Fax: (703) 820-0630
*Counsel for Plaintiff*

_____/s/__ Joleen R. Okun____
Joleen R. Okun (Va. Bar No.73283)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  202.887.0855
Fax:  202.887.0866
Joleen.Okun@ogletreedeakins.com
*Counsel for Defendants*